**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 21, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51143
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAIRO AMADOR-LUJAN, also known as Norberto
Barrios, also known as Saoul Amador-Lujan,
also known as Jairo Amador-Amador,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-03-CR-1016-ALL-PM
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Jairo Amador-Lujan appeals the sentence imposed following his

guilty plea conviction of being found in the United States after

deportation/removal in violation of 8 U.S.C. § 1326. Amador-

Lujan contends that 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b)

define separate offenses. He argues that the prior conviction

that resulted in his increased sentence is an element of a

separate offense under 8 U.S.C. § 1326(b) that should have been

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

alleged in his indictment. Amador-Lujan maintains that he pleaded guilty to an indictment which charged only simple reentry under 8 U.S.C. § 1326(a). He argues that his sentence exceeds the two-year maximum term of imprisonment which may be imposed for that offense.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. Id. at 239-47. Amador-Lujan acknowledges that his arguments are foreclosed by Almendarez-Torres, but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He seeks to preserve his arguments for further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.